NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. VYTORIN ERISA LITIGATION | Hon. Dennis M. Cavanaugh |
| | **OPINION** |
| THIS DOCUMENT RELATES TO: | Civil Action No. 08-CV-1974 (DMC) |
| ALL CASES | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Merck & Co., Inc., Richard T. Clark, Peter N. Kellogg, Mark E. McDonough, Johnetta B. Cole, Thomas H. Glocer, Steven F. Goldstone, William B. Harrison, Jr., Harry R. Jacobson, William N. Kelley, Rochelle B. Lazarus, Thomas E. Shenk, Anne M. Tatlock, Samuel O. Thier, Wendell P. Weeks, and Peter C. Wendell (collectively, "Defendants") to dismiss Plaintiffs' claims under the Employee Retirement Income Security Act ("ERISA") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that Defendants' motion to dismiss is **denied**.

I. BACKGROUND

Plaintiffs, Martin Cobb, Robert Cimato, Michael S. Anders and Louis L. Normand ("Plaintiffs"), bring claims pursuant to Sections 502(a)(2) and (a)(3) of ERISA, alleging that Defendants breached their fiduciary duties owed to participants of the Merck & Co., Inc.

Employee Savings & Security Plan (the "Salaried Plan"), the Merck & Co., Inc. Employee Stock Purchase & Savings Plan (the "Hourly Plan"), and the Merck Puerto Rico Employee Savings & Security Plan (the "Puerto Rico Plan," and, collectively, the "Plans"). Specifically, Plaintiffs allege that during the class period July 26, 2004 to March 31, 2008, Defendants had knowledge of the adverse ENHANCE clinical study results and thus knew or should have known that Merck stock was an imprudent investment alternative for the Plans. Plaintiffs also allege that Defendants had knowledge of and played an active role in improper business activities that allowed Merck to artificially inflate and manipulate its earnings.

The initial Complaint was filed in this Court on April 22, 2008. This matter was consolidated with three related cases on September 24, 2008. A Consolidated Class Action Complaint (the "Complaint") was filed on February 5, 2009 raising claims for breach of various fiduciary duties, including: (1) duty of prudence and loyalty; (2) duty to monitor fiduciaries; and (3) co-fiduciary liability. Before the Court is Defendants' motion to dismiss all claims.

## II. STANDARD OF REVIEW

Courts considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must determine whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Facial plausibility exists when the plaintiff pleads factual content "that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Marangos v. Swett, 2009 WL 1803264, *2 (3d Cir. June 25, 2009). While the plausibility

standard "is not akin to a probability requirement," it does require more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949.

Well-pleaded factual content is accepted as true for purposes of determining whether the complaint states a plausible claim for relief. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). This assumption does not apply, however, to legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." See Iqbal, 129 S. Ct. at 1949; Marangos, 2009 WL 1803264, at *2. Indeed, "where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." See Iqbal, 129 S. Ct. at 1949; Marangos, 2009 WL 1803264, at *2.

### III. DISCUSSION

Before the Court is Defendants' motion to dismiss the Consolidated Class Action Complaint. Defendants argue that all fiduciary claims should be dismissed because Plaintiffs failed to overcome the presumption that investing in Merck stock was prudent, failed to adequately allege that Defendants had advance knowledge of the ENHANCE results, and failed to plead that Defendants were fiduciaries under ERISA. Because the Court finds that Plaintiffs have alleged sufficient facts to state a claim to relief that is plausible on its face, however, Defendants' motion to dismiss is **denied**.

A.  *Duty of Prudence*

Defendants first argue that Plaintiffs' prudence claim should be dismissed because

Plaintiffs cannot overcome the Moench presumption of prudence. Because the Plans are eligible individual account plans ("EIAPs"), Plaintiffs' imprudence claim must be analyzed under the rebuttable presumption of prudence to which plan fiduciaries are entitled under Third Circuit law. See, e.g., Edgar v. Avaya, Inc., 503 F.3d 340, 347 (3d Cir. 2007) (extending the abuse of discretion standard and its corresponding rebuttable presumption of prudence to EIAPs); In re Merck & Co., Inc., Sec. Derivative & ERISA Litig., 2006 WL 2050577, *6 (D.N.J. July 11, 2006) (applying presumption of prudence to Merck's Salaried, Hourly and Puerto Rico plans). In Moench, the Third Circuit adopted a presumption of prudence for ERISA fiduciaries investing in employer stock in recognition of the greater risk associated with plans designed to invest in employer securities. See Moench v. Robertson, 62 F.3d 553, 571 (3d Cir. 1995); Johnson v. Radian Group, Inc., 2009 WL 2137241, *14 (E.D. Pa. July 16, 2009). That presumption is not absolute, however, and may be rebutted upon a showing that the ERISA fiduciary "could not have believed reasonably that continued adherence to the [plan's] direction was in keeping with the settlor's expectations of how a prudent trustee would operate." See Edgar, 503 F.3d at 348. To rebut the presumption, plaintiffs may present evidence showing that, "owing to circumstances not known to the settlor and not anticipated by him," investing in the employer's securities "would defeat or substantially impair the accomplishment of the purposes of the trust." See id. (noting that the presumption was rebutted in Moench where plaintiff alleged a "precipitous decline in the price of the employer's stock, together with allegations that plan fiduciaries knew of the stock's impending collapse and the conflicted status of the fiduciaries"). Plaintiffs must plead evidence demonstrating a "dire situation" at the subject company, though they need not

plead that the company is "on the brink of bankruptcy." See In re Merck & Co., Inc. Sec., Derivative & ERISA Litig., 2009 WL 790452, *3 (D.N.J. Mar. 23, 2009).

Here, the Court finds that Plaintiffs have alleged sufficient facts that, accepted as true, make it plausible that Plaintiffs can overcome the presumption of prudence. Plaintiffs argue that Defendants abused their discretion by continuing to designate Merck stock as an investment option for the Plans because they knew, or should have known, that: (1) sales of Vytorin, Merck's top drug, would be decimated upon disclosure of the ENHANCE study results; (2) Merck's stock price dropped 38% from its January 11, 2008 pre-disclosure price to the end of the class period, resulting in a market capitalization loss of $49 billion; (3) Merck faced investigations from, *inter alia*, the attorneys general of New York and Connecticut, as well as congressional investigations by the Senate Finance Committee and the House Committee on Energy and Finance; and (4) Merck faced potential legal liabilities from Vytorin users who had "rais[ed] their risks of heart attacks and [been] expos[ed] to potential side effects." Accordingly, accepting the well-pleaded factual content as true, the Court finds that Plaintiffs have raised sufficient facts to make it plausible that Defendants abused their discretion in contravention of the Moench presumption.

B. *Defendants' Knowledge of ENHANCE Results*

The Court also finds that Plaintiffs have adequately pled that Defendants had knowledge of the ENHANCE study results. Plaintiffs' claims rely on the underlying premise that Defendants knew of the ENHANCE trial results prior to their December 2007 unblinding, but that they nonetheless failed to act on their knowledge or disclose it to Plan participants. First, the

Court applies the notice pleading standard of Fed. R. Civ. P. 8 because Plaintiffs' claims sound in breach of fiduciary duties and because Plaintiffs expressly disclaim any allegations of fraud. See, e.g., Johnson, 2009 WL 2137241, at *12 (applying Rule 8 notice pleading standards where plaintiff "specifically disavowed that [he] is alleging anything more than negligence and imprudent breach of fiduciary duty"). In any event, the Court finds that the Complaint contains sufficient factual allegations of knowledge to satisfy both the notice pleading standard of Rule 8 as well as the heightened particularity standard of Rule 9(b). Plaintiffs support their claim with a series of factually-specific allegations allegedly showing that Defendants had early knowledge of the ENHANCE study results, including, *inter alia*: (1) that Defendants learned from data checks as early as 2005 that the study had data quality problems and was likely to produce negative results; (2) that, at roughly the same time, Merck began a series of specified activities designed to delay the finalization and public release of the ENHANCE trial results; and (3) that internet postings to a Web site in March 2007 suggested that some sales representatives knew about the ENHANCE study's negative results. Read as a whole, the Court finds that the Complaint contains sufficient factual allegations to state a claim to relief that is "plausible on its face."

    C.    *Defendants' Fiduciary Status*

Third, the Court finds that, at least as pled in the Complaint, Plaintiffs have alleged sufficient facts to suggest that Defendants acted in their fiduciary capacities while engaging in the conduct alleged. ERISA defines a fiduciary as someone that either exercises discretionary authority or control over plan management or its assets, or that has discretionary authority or responsibility for the administration of the plan. See 29 U.S.C. § 1002(21)(A). For those not

named in the plan, fiduciary status is typically defined "in functional terms of control and authority over the plan." See In re Merck & Co., Inc., Sec. Derivative & ERISA Litig., 2006 WL 2050577, *4 (D.N.J. July 11, 2006). ERISA contemplates that a fiduciary may wear "two hats"—one in the capacity as a corporate officer, employee, or agent, and another in the capacity as an ERISA fiduciary. In re Schering-Plough Corp. ERISA Litig., 2007 WL 2374989, *4 (D.N.J. 2007). Thus, in cases alleging a breach of an ERISA fiduciary duty, "the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." Id. (quoting Pegram v. Herdrich, 530 U.S. 211, 225 (2000).

Here, the Complaint is replete with allegations that Defendants had management, oversight, and investment authorities with respect to the Plans that created various fiduciary duties. Accordingly, the Court finds that, at least at this stage of the litigation, Defendants have adequately pled that Defendants were acting in their ERISA fiduciary capacities while engaging in the complained-of activities. See, e.g., In re Schering-Plough Corp. ERISA Litig., 2007 WL 2374989, *7 (D.N.J. Aug. 15, 2007) ("Fiduciary status is a fact sensitive inquiry and courts generally do not dismiss claims at this early stage where the complaint sufficiently pleads defendants' ERISA fiduciary status.").

D.   *Defendants' Remaining Arguments*

Nor is the Court persuaded by Defendants' remaining arguments. With respect to Plaintiffs' disclosure claim, for example, the Court finds that Plaintiffs have alleged sufficient

facts to state a plausible claim that Defendants violated their fiduciary duty to "not mislead or fail to disclose information that . . . defendants knew or should have known would be needed for the Plan's participants to prevent losses." See, e.g., In re Merck, 2006 WL 2050577, at *17 (noting that the duty of disclosure under ERISA regarding the financial state of the employer is "an area of developing and controversial law"); see also Glaziers and Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Sec., Inc., 93 F.3d 1171, 1180 (3d Cir. 1996) (defining duty to disclose as "what a reasonable fiduciary, exercising care, skill, prudence and diligence, would believe to be in the best interest of the beneficiary to disclose"). Similarly, the Court finds that, at least accepting the factual allegations in the Complaint as true, Plaintiffs have adequately alleged that Merck, Gilmartin, Clark and the CBC Defendants (the "Monitoring Defendants") failed to monitor the fiduciaries over whom they had the power to appoint and remove. See Edgar, 2006 WL 1084087, *11 (D.N.J. Apr. 25, 2006) (noting that the duty to monitor includes "the duty to take action upon discovery that the appointed fiduciaries are not performing properly"), aff'd on other grounds, 503 F.3d 340, 349 n.15 (3d Cir. 2007). Plaintiffs' claims for co-fiduciary liability are also sustainable at this stage of the litigation because Plaintiffs have alleged sufficient facts to suggest that Defendants condoned, participated in and enabled the fiduciary breaches of the other Defendants. See ERISA § 405(a)(1)–(3), 29 U.S.C. § 1105(a)(1)–(3). Finally, with respect to loss causation, the Court finds that the Complaint contains sufficient factual allegations to state a claim that Defendants' breach of their fiduciary duties artificially inflated the stock price and caused Plaintiffs' loss.

### III. CONCLUSION

For the reasons stated, Defendants' motion to dismiss is **denied**. An appropriate Order accompanies this Opinion.

                                                                                    Dennis M. Cavanaugh, U.S.D.J.

Date:     August  *31*, 2009
Orig.:    Clerk
cc:       All Counsel of Record
          Hon. Mark Falk, U.S.M.J.
          File