**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
Lisa J. Rodriguez
258 Kings Highway East
Haddonfield, NJ 08033
Telephone:  (856) 795-9002
Facsimile:  (856) 795-9887

**SQUITIERI & FEARON, LLP**
Olimpio Lee Squitieri
2600 Kennedy Boulevard, Suite 1k
Jersey City, NJ 07306
Telephone:  201-200-0900

*Interim Co-Liaison Counsel*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE MERCK & CO., INC.**<br>**VYTORIN ERISA LITIGATION** ) ) ) ) | Civil Action No: 08-CV-1974 (DMC)<br>MDL No. 1938<br>Honorable Dennis M. Cavanaugh |
| **THIS DOCUMENT RELATES TO:**<br>**ALL CASES** ) ) ) ) ) | Return Date: December 7, 2009 |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ......................................................................................................... 3

    A.    Affirmative Defenses Nos. 1, 7, 8, 11, 12, 16, 18, 20 and 22 Should Be Stricken Because They Are Not Proper Affirmative Defenses ...... 3

    B.    Affirmative Defenses Nos. 4, 6, 9, 13, 14 and 21 Should Be Stricken Because They Are Legally Insufficient Defenses ............................... 7

    C.    Defendants' Affirmative Defenses Nos. 2 and 5 Should Be Stricken Because They Are "Bare Bones Conclusory Allegations" that Fail to Provide Plaintiffs with Notice and the Opportunity to Demonstrate Why the Affirmative Defense Should Not Succeed ........................... 13

CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Agway, Inc. Employees' 401(k) Thrift Inv. Plan v. Magnuson,*
    No. 03-CV-1060, 2006 U.S. Dist. LEXIS 74670
    (N.D.N.Y. July 13, 2006) ........................................................................... 10

*AMEC Civil, LLC v. DMJM Harris, Inc.,*
    No. 06-CV-0064, 2007 U.S. Dist. LEXIS 8344 (D.N.J. Feb. 6, 2007) ........... 4, 5

*Compton Press, Inc., et al. v. Granada Invs., Inc., et al.,*
    No. 91-CV-1256, 1992 U.S. Dist. LEXIS 22816 (D.N.J. Oct. 20, 1992) ........... 9

*Daiichi Pharm. Co., Ltd., et al. v. Apotex, Inc.,*
    No. 03-CV-0937, 2005 U.S. Dist. LEXIS 26059 (D.N.J. Nov. 1, 2005) ............ 3

*DeFelice v. U.S. Airways, Inc.,*
    497 F.3d 410 (4th Cir. 2007) ......................................................................... 9

*DirecTV, Inc. v. Weikel,*
    No. 03-CV-5300, 2005 U.S. Dist. LEXIS 9902 (D.N.J. May 25, 2005) ............. 4

*Edgar v. Avaya, Inc.,*
    503 F.3d 340 (3d Cir. 2007) ......................................................................... 13

*FDIC v. White,*
    828 F. Supp. 304 (D.N.J. 1993) ................................................................. 4, 6

*Glenside West Corp. v. Exxon Corp.,*
    761 F. Supp. 1100 (D.N.J. 1991) ................................................................... 8

*Graden v. Conexant Sys., Inc.,*
    496 F. 3d 291 (3rd Cir. 2007) ....................................................................... 12

*Heller Fin., Inc. v. Midwhey Powder Co.,*
    883 F.2d 1286 (7th Cir. 1989) ...................................................................... 13

*Huertas v. U.S. Dep't of Educ., et al.,*
    No. 08-CV-3959, 2009 U.S. Dist. LEXIS 59320 (D.N.J. July 13, 2009)... passim

*In re Modern Created Servs., Inc. v. Dell, Inc.*,
 No. 05-CV-3891, 2008 U.S. Dist. LEXIS 5929 (D.N.J. Jan. 28, 2008).......... 4, 5

*Openshaw v. Cohen, Klingenstein & Marks, Inc.*,
 320 F. Supp. 2d 357 (D. Md. 2004) ........................................................ 9, 10

*In re Polaroid ERISA Litig.*,
 362 F. Supp. 2d 461 (S.D.N.Y. 2005)........................................................... 11

*Rankin v. Rots*,
 278 F. Supp. 2d 853 (E.D. Mich. 2003)......................................................... 11

*Resolution Trust Corp. v. Edie*,
 No. 94-CV-772, 1994 U.S. Dist. LEXIS 20502 (D.N.J. Oct. 4, 1994) ............... 6

*Sims v. First Horizon Nat'l Corp.*,
 No. 08-2293, 2009 U.S. Dist. LEXIS 90449 (W.D. Tenn. Sept. 30, 2009) ...... 10

*Solis v. Couturier*,
 No. 08-CV-02732, 2009 U.S. Dist. LEXIS 63271
 (E.D. Cal. July 7, 2009)............................................................................... 8

*In re Sterten*,
 546 F.3d 278 (3d Cir. 2008).................................................................... 3, 13

*U.S. v. Sensient Colors, Inc.*,
 580 F. Supp. 2d 369 (D.N.J. 2008) ............................................................ 4, 8

*In re WorldCom, Inc. ERISA Litig.*,
 263 F. Supp. 2d 745 (S.D.N.Y. 2003).......................................................... 12

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

29 U.S.C. § 1002 (21)................................................................................... 6

29 U.S.C. § 1104 ....................................................................................... 10

29 U.S.C. § 1109(a).................................................................................... 14

29 U.S.C. § 1132(a)(2) .......................................................................... 12, 14

29 U.S.C. § 1132(a)(3) ................................................................................ 11

29 U.S.C. § 1144(d)..................................................................................... 12

Federal Rule of Civil Procedure 8(c) ................................................................. 3, 14

Federal Rule of Civil Procedure 12(f) ............................................................ passim

§ 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D) ............................................................ 10

§ 409, 29 U.S.C. § 1109 ........................................................................... 11, 12

OTHER AUTHORITIES

BLACK'S LAW DICTIONARY, 451 (8th ed. 2004) .................................................. 3, 7

## PRELIMINARY STATEMENT

Plaintiffs Michael S. Anders, Robert Cimato and Louis L. Normand (collectively "Plaintiffs"), on behalf of participants in the Merck & Co., Inc. Employee Savings & Security Plan ("Salaried Plan"), the Merck & Co., Inc. Employee Stock Purchase & Savings Plan ("Hourly Plan") and the Merck Puerto Rico Employee Savings & Security Plan ("Puerto Rico Plan" and, collectively with the Salaried Plan and Hour Plan, "Plans") respectfully submit this memorandum in support of their Motion to Strike Certain of Defendants' Affirmative Defenses.

Plaintiffs bring this Motion before the Court with the intent to save time and litigation expense by eliminating the need for discovery with regard to certain of Defendants' clearly improper and insufficient affirmative defenses. Striking certain of Defendants' affirmative defenses will serve to streamline this action and ensure that discovery will proceed as efficiently as possible. As set forth below, many of the affirmative defenses raised in the Answer filed by Merck & Co., Inc. ("Merck"), Raymond V. Gilmartin, Richard T. Clark, Merck's Board of Directors,[1] Merck's Compensation and Benefits Committee[2] and Merck's Management

---

[1] Members of Merck's Board of Directors include Johneetta B. Cole, Thomas H. Glocer, Steven F. Goldstone, William B. Harrison, Harry R. Jacobson, William N. Kelley, Rochelle B. Lazarus, Thomas E. Shenk, Anne M. Tatlock, Samuel O. Their, Wendell P. Weeks and Peter C. Wendell.

[2] Members of Merck's Compensation and Benefits Committee include Thomas H. Glocer, Steven F. Goldstone, William B. Harrison, William N. Kelley, Anne M. Tatlock, and Peter C. Wendell.

Pension Investment Committee[3] (collectively, "Defendants") should be stricken on the grounds that they are not proper affirmative defenses or are legally insufficient. Specifically, affirmative defenses Nos. 1, 7, 8, 11, 12, 16, 18, 20 and 22 should be stricken because they are mere denials of the allegations set forth in Plaintiffs' Complaint and are not proper affirmative defenses.[4]  Affirmative defenses Nos. 4, 6, 9, 13, 14 and 21, in turn, should be stricken because they are not recognized as legal defenses to Plaintiffs' claims and are therefore legally insufficient.  Finally, affirmative defenses Nos. 2 and 5 should be stricken because they are "bare bones conclusory allegations" that fail to provide Plaintiffs with notice and the opportunity to demonstrate why the affirmative defenses should not succeed.

Accordingly, Plaintiffs, moving pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"), respectfully request that the court strike affirmative defenses Nos. 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 16, 18, 20, 21 and 22.

---

[3] Members of Merck's Management Pension Investment Committee include Judy C. Lewent, Marcia J. Avedon, Caroline Dorsa, Bradley T. Sheares, Peter N. Kellogg, Mark E. McDonough and J. Christopher Scalet.

[4] While Defendants' affirmative defense No. 23 (reserving the right to raise additional defenses of which Defendants become aware through discovery or other investigation) is not a proper affirmative defense, Plaintiffs are not moving to strike this redundant defense as it serves no real purpose in the litigation.

2

## ARGUMENT

### A.   Affirmative Defenses Nos. 1, 7, 8, 11, 12, 16, 18, 20 and 22 Should Be Stricken Because They Are Not Proper Affirmative Defenses

Federal Rule of Civil Procedure 8(c) governs affirmative defenses and provides, in pertinent part, that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively [several listed defenses] and any other matter constituting an avoidance or affirmative defense." FED. R. CIV. P. 8(c). "Generally speaking, the rule's reference to 'an avoidance or affirmative defense' encompasses two types of allegations: those that admit the allegations of the complaint but suggest some other reason why there is no right of recovery, and those that concern allegations outside of plaintiff's *prima facie* case that the defendant therefore cannot raise by a simple denial in the answer." *Daiichi Pharm. Co., Ltd., et al. v. Apotex, Inc.*, No. 03-CV-0937, 2005 U.S. Dist. LEXIS 26059, at *5 (D.N.J. Nov. 1, 2005) (*citing* 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1271 (3d ed. 2004)) (emphasis added). An affirmative defense has thus been defined as being an "assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." BLACK'S LAW DICTIONARY, 451 (8th ed. 2004); *see In re Sterten*, 546 F.3d 278, 284 (3d Cir. 2008) (looking to Black's Law Dictionary for defining features of an affirmative defense).

3

Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).   Although motions to strike are not generally favored, courts recognize that a motion to strike "can save time and litigation expense by eliminating the need for discovery with regard to [ ] insufficient defenses." *FDIC v. White*, 828 F. Supp. 304, 307, 314 (D.N.J. 1993) (striking several affirmative defenses as legally insufficient).   *See also U.S. v. Sensient Colors, Inc.*, 580 F. Supp. 2d 369, 375 (D.N.J. 2008) (motion to strike affirmative defenses serves useful purpose by eliminating insufficient defenses and saving time and expense which would otherwise be spent litigating issues that would not affect the outcome of the case); *DirecTV, Inc. v. Weikel*, No. 03-CV-5300, 2005 U.S. Dist. LEXIS 9902, at *5, *40 (D.N.J. May 25, 2005) (granting motion to strike affirmative defenses to clean up the pleadings, streamline the litigation and avoid unnecessary forays into immaterial matters).

An affirmative defense may be stricken where it merely denies allegations set forth in the complaint and thus is not a proper affirmative defense at all. *See, e.g., In re Modern Created Servs., Inc. v. Dell, Inc.*, No. 05-CV-3891, 2008 U.S. Dist. LEXIS 5929, at *4-*6 (D.N.J. Jan. 28, 2008) (striking affirmative defense as facially improper because defense was mere denial of allegations in complaint); *AMEC Civil, LLC v. DMJM Harris, Inc.*, No. 06-CV-0064, 2007 U.S. Dist. LEXIS

4

8344, at *13-*15 (D.N.J. Feb. 6, 2007) (striking affirmative defense on the ground that it was improper); *White*, 828 F. Supp. at 312 (striking defendants' "straight" causation defenses because defendants cannot deny causing plaintiff's losses as an "affirmative defense").

Defendants' first, seventh, eighth, eleventh, twelfth, sixteenth, eighteenth, twentieth and twenty-second affirmative defenses are not proper affirmative defenses and should therefore be stricken as insufficient pursuant to Rule 12(f). For instance, Defendants' first affirmative defense (failure to state a claim upon which relief may be granted), seventh affirmative defense (the alleged statements or omissions were not false or misleading at the time they were made), eleventh affirmative defense (Defendants did not breach any fiduciary duty owed to Plaintiffs), sixteenth affirmative defense (action may not properly be maintained as a class action), eighteenth affirmative defense (Plaintiffs did not rely, or could not have relied, upon the alleged misstatements or omissions) and twentieth affirmative defense (alleged misstatements and omissions constitute non-actionable matters of opinion rather than matters of material fact) all simply deny Plaintiffs' claims and requests for relief and, thus, are not proper affirmative defenses. This is particularly true where, as here, the Court considered and denied a motion to dismiss based upon an alleged failure to state a claim. *See, e.g., Modern Created Servs.*, 2008 U.S. Dist. LEXIS 5929, at *6-*14 (striking certain affirmative

defenses previously presented to and rejected by the court); *AMEC Civil*, 2007 U.S. Dist. LEXIS 8344, at \*13-\*15 (striking certain affirmative defenses "in light of the fact that" such defenses "were already decided by this Court"). Accordingly, these improper affirmative defenses should be stricken pursuant to Rule 12(f).

Defendants' eighth affirmative defense (any alleged loss or damage suffered was caused by circumstances or events not related to any alleged misstatement or omissions by Defendants or by circumstances and events, persons and/or entities for which Defendants are not responsible) should similarly be stricken as insufficient pursuant to Rule 12(f). The eighth affirmative defense is nothing more than an assertion by Defendants that their conduct was not the proximate cause of the Plans' losses. As such, it is not a proper affirmative defense and should be stricken. *See White*, 828 F. Supp. at 312 (striking defendants' "straight" causation defenses because defendants cannot deny causing plaintiff's losses as an "affirmative defense"); *Resolution Trust Corp. v. Edie*, No. 94-CV-772, 1994 U.S. Dist. LEXIS 20502, at \*16-\*17 (D.N.J. Oct. 4, 1994).

Similarly, Defendants' twelfth affirmative defense (Defendants were not performing a fiduciary function under § 3(21) of ERISA, 29 U.S.C. § 1002(21), regarding the alleged conduct at issue in the Complaint, and Plaintiffs claims fail to the extent they are based on actions allegedly taken by Defendants in a non-

6

fiduciary capacity under ERISA) merely denies Plaintiffs' allegations that (a) Defendants were fiduciaries of the Plans and (b) that Defendants breached the fiduciary duties they owed the Plans when they engaged in the conduct at issue. As such, it is not a proper affirmative defense and should be stricken.

Further, Defendants' twenty-second affirmative defense (Plaintiffs' claims are barred because had Defendants taken the action Plaintiffs assert was appropriate with respect to the Merck Common Stock Fund, the value of the Plaintiffs 401(k) accounts would have sustained a larger loss than they allegedly did) merely denies Plaintiffs' allegation that the Plans suffered losses. Failing to assert "facts and arguments that, if true, will defeat the plaintiff's…claim (*see* BLACK'S LAW DICTIONARY, 451 (8th ed. 2004)), Defendants' twenty-second affirmative defense is improper and should be stricken pursuant to Rule 12(f).

Accordingly, Defendants' first, seventh, eighth, eleventh, twelfth, sixteenth, eighteenth, twentieth and twenty-second affirmative defenses are not proper affirmative defenses and should be stricken as insufficient pursuant to Rule 12(f).

### B.     Affirmative Defenses Nos. 4, 6, 9, 13, 14 and 21 Should Be Stricken Because They Are Legally Insufficient Defenses

In addition, although Defendants' fourth, sixth, ninth, thirteenth, fourteenth and twenty-first affirmative defenses may qualify as "affirmative defenses," they are legally insufficient and should also be stricken pursuant to Rule 12(f).

"An affirmative defense is insufficient if it is not recognized as a legal defense to the cause of action." *Huertas v. U.S. Dep't of Educ., et al.*, No. 08-CV-3959, 2009 U.S. Dist. LEXIS 59320, at \*3 (D.N.J. July 13, 2009) (*citing Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)).   Striking legally insufficient defenses saves time and expense by making it unnecessary to litigate defenses that will not affect the outcome of the case.   *Glenside West Corp. v. Exxon Corp.*, 761 F. Supp. 1100, 1115 (D.N.J. 1991).   A court should grant a motion to strike a defense where the "insufficiency of the defense is clearly apparent." *Sensient*, 580 F. Supp. 2d at 374 (internal citations omitted).

Defendants' fourth affirmative defense (Plaintiffs' claims are barred by estoppel, waiver and/or ratification) is legally insufficient and subject to being stricken to the extent it asserts the affirmative defense of ratification.   The "affirmative defense of ratification is not proper because this is an action for breach of a fiduciary duty, not an action under contract law," and "ratification is a legal doctrine which operates to validate an otherwise voidable contract." *Solis v. Couturier*, No. 08-CV-02732, 2009 U.S. Dist. LEXIS 63271, at \*5-\*6 (E.D. Cal. July 7, 2009).   Moreover, "a contract that is void as against public policy or statute cannot be made valid by ratification." *See id* at \*6.   Here, Plaintiffs allege that Defendants' actions violate their fiduciary duties under ERISA.   Fiduciary breaches in violation of a statute like ERISA cannot be rehabilitated by ratification.

8

*See id* at \*6.  The ratification defense is therefore invalid and the Court should strike the defense of ratification from Defendants' fourth affirmative defense pursuant to Rule 12(f).  *See Huertas*, 2009 U.S. Dist. LEXIS 59320, at \*3.

Defendants' sixth affirmative defense (Defendants acted in good faith and exercised reasonable care) should similarly be stricken as legally insufficient. "Good faith does not provide a defense to a claim of a breach of fiduciary duties; a pure heart and an empty head are not enough." *DeFelice v. U.S. Airways, Inc.*, 497 F.3d 410, 418 (4th Cir. 2007).  Because it is not recognized as a legal defense to Plaintiffs' claims, Defendants' sixth affirmative defense should be stricken pursuant to Rule 12(f).  *See Huertas*, 2009 U.S. Dist. LEXIS 59320, at \*3.

Defendants' ninth affirmative defense (Plaintiffs assumed the risks of the challenged investments and either proximately caused, contributed to, or failed to mitigate, any and all alleged losses or damages) is legally insufficient and should be stricken pursuant to Rule 12(f).  Any alleged act or omission by Plaintiffs does not absolve Defendants of liability or bar Plaintiffs from recovering in a breach of fiduciary action.  *See, e.g., Compton Press, Inc., et al. v. Granada Invs., Inc., et al.*, No. 91-CV-1256, 1992 U.S. Dist. LEXIS 22816, at \*27-\*28 (D.N.J. Oct. 20, 1992) (striking defendants' affirmative defenses of contributory negligence and breach of fiduciary duty because acts or omissions of plan's trustees did not absolve defendants' liability to the plan for their fiduciary breaches); *Openshaw v. Cohen*,

*Klingenstein & Marks, Inc.*, 320 F. Supp. 2d 357, 364-65 (D. Md. 2004) (striking affirmative defenses of assumption of the risk and contributory negligence in a fiduciary breach case because a fiduciary cannot insulate itself from liability by alleging another fiduciary's negligence or misconduct).   Whether Plaintiffs assumed the risk or proximately caused the losses sustained by the Plans has no bearing on Defendants' fiduciary obligations to the Plans or on Plaintiffs' right to recover on behalf of the Plans for Defendants' breach of fiduciary duties.   *Id.* Accordingly, Defendants' ninth affirmative defense is not recognized as a legal defense to Plaintiffs' claims and, as such, should be stricken.   *See id.*; *Openshaw*, 320 F. Supp. 2d at 364-65.

Defendants' thirteenth affirmative defense (Defendants administered the Plans in accordance with the terms of the Plan documents pursuant to § 404 of ERISA, 29 U.S.C. ¶ 1104) is equally insufficient and subject to being stricken. ERISA duties of loyalty and prudence require a fiduciary to disregard the provisions of a plan when they know or reasonably should know that complying with the provisions would lead to an imprudent result or would otherwise harm plan participants. *See* ERISA Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D). *See also Sims v. First Horizon Nat'l Corp.*, No. 08-2293, 2009 U.S. Dist. LEXIS 90449, at *71 (W.D. Tenn. Sept. 30, 2009) ("A plan does not impose on a fiduciary an unquestioning duty to follow the terms of a plan where doing so would be

10

imprudent.") (citing *Kuper v. Iovenko*, 66 F.3d 1447, 1459 (6th Cir. 1995));

*Agway, Inc. Employees' 401(k) Thrift Inv. Plan v. Magnuson*, No. 03-CV-1060,

2006 U.S. Dist. LEXIS 74670, at *58 (N.D.N.Y. July 13, 2006) ("ERISA casts

upon fiduciaries an affirmative, overriding obligation to reject plan terms where

those terms would require...imprudent actions in contravention of the fiduciary

duties imposed under ERISA."); *see also In re Polaroid ERISA Litig.*, 362 F. Supp.

2d 461, 473-74 (S.D.N.Y. 2005) ("By force of statute, Defendants had the

fiduciary responsibility to disregard the Plan and eliminate Plan investments in

Polaroid stock if the circumstances warranted."); *Rankin v. Rots*, 278 F. Supp. 2d

853, 878 (E.D. Mich. 2003) ("[A] fiduciary is not required to blindly follow the

Plan's terms."). Accordingly, the fact that Defendants may have administered the

Plans in accordance with the terms of the Plan documents does not absolve

Defendants of liability for their fiduciary breaches. Defendants' thirteenth

affirmative defense is thus not a recognized legal defense to Plaintiffs' claims and

should be stricken as legally insufficient. *See Huertas*, 2009 U.S. Dist. LEXIS

59320, at *3.

Defendants' fourteenth affirmative defense (monetary damages is not

"appropriate equitable relief" and is barred by § 502(a)(3) of ERISA, 29 U.S.C. §

1132(a)(3)) should be stricken as legally insufficient because Plaintiffs are plainly

entitled to the legal forms of relief they seek in this action. Plaintiffs bring claims

on behalf of the Plans pursuant to ERISA Section 502(a)(2), which provides that a plan fiduciary may bring a civil action for relief under ERISA Section 409, 29 U.S.C. § 1109. *See* 29 U.S.C. § 1132(a)(2). ERISA Section 409 provides in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be *personally liable* to make good to such plan any losses to the plan resulting from each such breach…

29 U.S.C. § 1109 (emphasis added). Plaintiffs thus seek to hold Defendants "personally liable" for money damages resulting from Defendants' wrongdoing in accordance with ERISA Sections 409 and 502(a)(2). Notably, "nothing in § 1132(a)(2) [ERISA Section 502(a)(2)] limits the relief available to equitable relief." *Graden v. Conexant Sys., Inc.*, 496 F. 3d 291, 300-01 (3rd Cir. 2007). Accordingly, Plaintiffs are entitled to recover monetary damages upon proof of their claims and Defendants' fourteenth affirmative defense should be stricken as insufficient as a matter of law. *See Huertas*, 2009 U.S. Dist. LEXIS 59320, at *3.

Defendants' twenty-first affirmative defense (Plaintiffs' attempt to use ERISA fiduciary duties to impose liability arising out of disclosures under the federal securities laws fails and is barred by § 514(d) of ERISA, 29 U.S.C. § 1144(d)) is equally insufficient and should be stricken pursuant to Rule 12(f). The "existence of duties under one federal statute does not, absent express congressional intent to the contrary, preclude imposition of overlapping duties

12

under another federal statutory regime." *In re WorldCom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745, 767 (S.D.N.Y. 2003). In other words, federal securities laws do not relieve fiduciaries of their obligations under ERISA. *See Edgar v. Avaya, Inc.*, 503 F.3d 340, 350 (3d Cir. 2007). Defendants therefore cannot escape liability for their fiduciary breaches under ERISA by asserting that such liability arose from disclosures required by federal securities laws. *See id.* As such, Defendants' twenty-first affirmative defense is legally insufficient and should be stricken pursuant to Rule 12(f). *See Huertas*, 2009 U.S. Dist. LEXIS 59320, at \*3.

**C.    Defendants' Affirmative Defenses Nos. 2 and 5 Should Be Stricken Because They Are "Bare Bones Conclusory Allegations" that Fail to Provide Plaintiffs with Notice and the Opportunity to Demonstrate Why the Affirmative Defense Should Not Succeed**

Finally, Defendants' second and fifth affirmative defenses should be stricken for failing to comply with the Federal Rules of Civil Procedure.

"Central to the purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *Sterten*, 546 F.3d at 285 (internal citation omitted). Affirmative defenses that are "nothing but bare bones conclusory allegations," which fail to provide the plaintiff with notice and the opportunity to demonstrate why the affirmative defense will not succeed, should be stricken as insufficient. *Modular Homes, Inc.*, 859 F. Supp. at 120-21 (striking affirmative

13

defenses for presenting only vague allegations and legal conclusions); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (holding that defenses which do not present questions of law or fact can be stricken).

Defendants' second affirmative defense (Plaintiffs' claims are barred in whole or in part by the Plan documents) should be stricken because it is nothing but a "bare bones, conclusory allegation" that fails to provide Plaintiffs with notice as to the nature of the defense and the legal basis upon which it rests. The affirmative defense fails to identify both the terms of the Plan documents to which it refers and which of Plaintiffs' claims the Plan document terms allegedly bar. Defendants' second affirmative defense thus fails to satisfy Rule 8(c) and contravenes the purpose of Defendants pleading affirmative defenses in their Answer: to avoid surprise and undue prejudice.

Defendants' fifth affirmative defense (Plaintiffs may not assert their claims on behalf of the Plans under §§ 502(a)(2) and 409(a) of ERISA, 29 U.S.C. §§ 1132(a)(2) and 1109(a), and the remedy Plaintiffs seek is not cognizable under ERISA) is equally vague and conclusory. Without further specificity, this affirmative defense merely denies Plaintiffs' claims and requests for relief. Defendants' fifth affirmative defense should therefore be stricken pursuant to Rule 12(f) because it fails to place Plaintiffs on notice of the factual and legal basis of the defense in contravention of the Federal Rules of Civil Procedure.

14

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' motion and strike Defendants' affirmative defenses Nos. 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 16, 18, 20, 21 and 22 pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Dated:  November 9, 2009

<div style="margin-left: 2em">

**BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP**

By:   /s/ Peter H. LeVan, Jr.
      Joseph H. Meltzer
      Edward W. Ciolko
      Peter H. LeVan, Jr.
      280 King of Prussia Road
      Radnor, PA 19087
      (610) 667-7706

      **IZARD NOBEL LLP**
      Robert A. Izard
      William Bernarduci
      Wayne T. Boulton
      20 Church Street, Suite 1700
      Hartford, CT  06103
      Tel: (860) 493- 6292
      Fax: (860) 493-6290

      *Interim Co-Lead Counsel*

</div>

15