## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SCHERING-PLOUGH CORPORATION/ENHANCE SECURITIES LITIGATION | Civil Action No. 08-397 (DMC) (MF) |
| IN RE MERCK & CO., INC., VYTORIN/ZETIA SECURITIES LITIGATION | Civil Action No. 08-2177 (DMC) (MF) |
| IN RE SCHERING-PLOUGH CORP. ENHANCE ERISA LITIGATION | Civil Action No. 08-1432 (DMC) (MF) |
| IN RE MERCK & CO., INC. VYTORIN ERISA LITIGATION | Civil Action No. 08-1974 (DMC) (MF) |
| CAIN V. HASSAN, *et al.* | Civil Action No. 08-1022 (DMC) (MF) |
| LOCAL NO. 38 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS PENSION FUND v. CLARK, *et al.* | Civil Action No. 09-5668 (DMC) (MF) |

### [ STIPULATED DISCOVERY CONFIDENTIALITY ORDER

WHEREAS during the course of these actions, the parties and certain non-parties may be subject to discovery requests and/or proceedings which seek the disclosure of information that the party or non-party to whom the request is directed considers to be confidential and/or proprietary.

WHEREAS protecting the confidentiality of such information and documents will facilitate a timely and efficient discovery process, and the parties wish to preserve the confidentiality of such information through the use of a coordinated Discovery Confidentiality Order.

WHEREAS for the reasons set forth in the accompanying Declaration of Gavin J. Rooney, which is incorporated herein, the company formerly doing business as Merck & Co., Inc., the name of which, as of November 3, 2009, was changed to Merck, Sharpe & Dohme Corporation (hereinafter "Merck"), and the company formerly doing business as Schering-Plough Corporation, the name of which, as of November 3, 2009, was changed to Merck & Co., Inc. (hereinafter, "Schering-Plough" or "Schering") and other parties and, potentially, non-parties to these actions have an interest in maintaining the confidentiality of the categories of confidential and/or proprietary information which the parties may exchange, and assert that they will suffer immediate and serious injury if the confidentiality of such information is not maintained.

WHEREAS this Stipulated Discovery Confidentiality Order (the "Order") will cover all actions claims and defenses that may be brought in the course of these putative class actions involving securities, ERISA, and shareholder derivative claims filed against Merck and/or Schering-Plough. Given the nature of the claims asserted by the Plaintiffs in these cases, discovery may focus on several areas Merck and/or Schering-Plough or other parties or non-parties consider to be sensitive, non-public, and proprietary – such as research and development efforts, clinical trials and studies, proprietary formulations, FDA filings and financial information. Documents concerning these subjects contain information Merck and/or Schering-Plough or other parties or non-parties consider to be confidential, proprietary and/or trade secrets. Because disclosure of such material poses a substantial risk of causing harm to parties in their respective industries, including the financial industry and Merck and/or Schering-Plough's competitive position in the highly competitive pharmaceutical industry, the parties have reached

agreement upon a protocol for controlling disclosure of such information produced during discovery in these actions. The agreed-upon protocol is embodied in this Order.

WHEREAS good cause exists for entry of this Order. *See* Fed. R. Civ. P. 26(c); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The nature of the above-captioned cases require the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the producing party's legitimate proprietary interests. This Order provides reasonable restrictions on the disclosure of such sensitive materials. To streamline the discovery process and minimize the need for Court intervention, this Order adopts an "umbrella" approach that allows the producing party to designate certain materials being produced or deposition testimony as confidential. Disclosure of materials designated as "CONFIDENTIAL" is limited to specific classes of persons. In addition, this Order provides for filing confidential documents with the Court under seal or in redacted form, in accordance with Local Rule 5.3(c), if submission of such documents is necessary as part of motion practice or other proceedings.

WHEREAS this Order also provides that the party requesting production of the information may challenge the producing party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential. The Order allocates to the producing party the burden of justifying the confidentiality designation. Discovery Confidentiality Orders of this type have been approved by the Third Circuit Court of Appeals. *See Pansy*, 23 F.3d at 787 n.17; *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1198, 1122 (3d Cir. 1986), *cert denied*, 484 U.S. 976 (1987).

**IT IS THEREFORE HEREBY STIPULATED AND AGREED**, by and between counsel for the parties, subject to the approval of the Court, that the following Order

3

shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission and any other information or material produced, given or exchanged by and among the parties and any non-parties to these litigations (including without limitation any non-party that seeks to intervene or to object to any of the proceedings in these litigations) in connection with discovery in the above-captioned actions (the "Litigations") (such information or material hereinafter referred to as "Discovery Material").

1.      Any party or non-party who provides or has provided Discovery Material to any party in connection with these Litigations (a "Producing Party") may designate any Discovery Material as "Confidential" under the terms of this Order and *Fed. R. Civ. P.* 26(c), if such party in good faith reasonably believes that such Discovery Material contains non-public, confidential, proprietary or commercially or personally sensitive information including sensitive financial information or trade secrets that requires the protections provided in this Order ("Confidential Discovery Material").   In addition, any Producing Party may designate any Confidential Discovery Material as "Highly Confidential" if such party in good faith reasonably believes that disclosure of the Confidential Discovery Material is substantially likely to cause serious competitive harm to the Producing Party ("Highly Confidential Discovery Material").   For purposes of this Order:

(a)      Discovery Material shall presumptively qualify as "Confidential Discovery Material" to the extent that it contains non-public business information; research and development information; or any other sensitive or proprietary information.

(b)      Discovery Material shall presumptively qualify as "Highly Confidential Discovery Material" to the extent that it contains non-public information relating to ongoing confidential investigations or regulatory matters; trade secrets; proprietary technical information;

4

customer lists and information; projected financial results or data; financial or business or marketing plans and strategies; projections or analyses; studies or analyses by internal or outside experts; competitive analyses; product and service development and planning; proprietary details of specific products and/or services sold to customers or potential customers; employee and/or director compensation or benefits; documents subject to a confidentiality obligation owed by the Producing Party to any third party; or other highly sensitive or proprietary information.

(c)     The designation by any Producing Party of any Discovery Material as "Confidential" or "Highly Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party and that there is a good faith belief that such designation is valid.

2.     Discovery Material, or information derived therefrom, shall be used solely for purposes of these Litigations and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

3.     The designation of Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Order shall be made in the following manner by any party to these Litigations or Producing Party:

(a)     In the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" or "Highly Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential or Highly Confidential Discovery Material unless otherwise indicated by the Producing Party; provided that the failure to designate

5

a document as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Order; and

(b)    In the case of depositions or other pretrial testimony, (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent to all parties within fourteen (14) business days after receiving a copy of the transcript thereof, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential or Highly Confidential Discovery Material.  All depositions and other pretrial testimony shall be deemed to be "Highly Confidential" for a period of fourteen (14) business days after receipt of the transcript of the deposition, after which time such deposition or pretrial testimony shall be treated in accordance with its designation, if any.  Only those portions of the transcripts designated as "Confidential" or "Highly Confidential" in the Litigations shall be deemed Confidential or Highly Confidential Discovery Material.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.  Counsel may challenge the confidentiality designation of any information in a deposition transcript in the manner provided by paragraph 17 of this Order.

(c)    If testimony during a deposition is designated on the record as being "Confidential" or "Highly Confidential" pursuant to this Order, no one shall be present for that portion of the deposition testimony containing Confidential or Highly Confidential Discovery Material except the deponent, counsel representing the parties and the deponent, the court

reporter and/or videographer, and any other person otherwise permitted to access such material pursuant to Paragraphs 4 or 5 of this Order.

      4.      Discovery Material designated "Confidential" may be disclosed, revealed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

      (a)      Outside counsel for any party in these Litigations whose law firm has entered an appearance in any one of these Litigations, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of any one of these Litigations for use in accordance with this Order;

      (b)      In-house counsel for any party if such in-house counsel is participating in these Litigations;

      (c)      Subject to paragraph 6 hereof, experts or consultants assisting counsel that have appeared in any of these Litigations and their employees and clerical assistants;

      (d)      Subject to paragraph 6 hereof, Lead Plaintiffs in these Litigations, to the extent necessary to supervise and make decisions related to these Litigations;

      (e)      Witnesses or deponents and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in these Litigations;

      (f)      The parties, and present or former directors, officers, employees or professional members of the parties, or any subsidiary or affiliate thereof, who are assisting counsel in any of these Litigations, or who appear as witnesses or deponents;

      (g)      Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

(h)     Any non-party witness if such person is employed by the same entity as a person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

(i)     Counsel for any non-parties who may produce documents or testify in these Litigations by either agreement, subpoena, or an order of the Court and their legal, paralegal, and clerical employees;

(j)     The Court and its staff and supporting personnel including, but not limited to, court reporters, clerks, stenographic reporters, and videographers pursuant to paragraphs 8 through 9 of this Order; and

(k)     Any other person only upon order of the Court or stipulation of the counsel to the parties to any of these Litigations.

5.     Discovery Material designated "Highly Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a)     Outside counsel for any party in these Litigations whose law firm has entered an appearance in any of these Litigations, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of these Litigations for use in accordance with this Order;

(b)     Subject to paragraph 6 hereof, experts or consultants assisting counsel for the parties that have appeared in these Litigations;

(c)     Subject to paragraph 6 hereof, Lead Plaintiffs in these Litigations, to the extent necessary to supervise and make decisions related to these Litigations;

8

(d)     Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

(e)     Witnesses or deponents and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in these Litigations;

(f)     The Court and its staff and supporting personnel including, but not limited to, court reporters, clerks, stenographic reporters, and videographers, pursuant to paragraphs 8 through 9 of this Order; and

(g)     Any other person only upon order of the Court or stipulation of the Producing Party.

6.     (a)     Confidential or Highly Confidential Discovery Material may be provided to persons listed in Paragraphs 4(c) and 5(b) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of these Litigations; provided that such expert or consultant (i) is not currently an employee of any party to any of these Litigations or any competitor or transaction counterparty of any party to any of these Litigations, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential or Highly Confidential Discovery Material solely in connection with these Litigations; and further provided that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Order and agreeing not to disclose or use any Confidential or Highly Confidential Discovery Material in a manner or for purposes other than those permitted hereunder.

9

(b)     Confidential or Highly Confidential Discovery Material may be provided to persons listed in Paragraphs 4(d) and 5(c) above provided that such person (i) is not currently an employee of any defendant in any of these Litigations or any competitor or transaction counterparty of any defendant in any of these Litigations, as far as the person can reasonably determine, and (ii) is using said Confidential or Highly Confidential Discovery Material solely in connection with these Litigations; and further provided that such persons sign an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Order and agreeing not to disclose or use any Confidential or Highly Confidential Discovery Material in a manner or for purposes other than those permitted hereunder.

(c)     Before Confidential or Highly Confidential Discovery Material is disclosed to any person under Paragraphs 4(e), 4(h), 4(i) or 5(e), each such person will execute a copy of the form attached as Exhibit A hereto provided, however, that if a witness is to be shown Confidential or Highly Confidential Discovery Material for the first time at a deposition or hearing, the requirements of this paragraph will be satisfied if that witness is informed of the Confidentiality Order and its terms.

7.     Every person given access to Confidential or Highly Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof. Counsel for the party providing Confidential or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to Paragraph 6 shall be responsible for obtaining such signed undertaking and retaining the original, executed copy

10

thereof and, prior to such Confidential or Highly Confidential Discovery Material being provided to such person (other than with respect to Confidential or Highly Confidential Discovery Material provided to experts retained by any party), for providing a copy of such undertaking to counsel for any party whose Discovery Material is being provided pursuant to the undertaking. Counsel for a party providing Confidential or Highly Confidential Discovery Material to any expert required to execute an undertaking pursuant to Paragraph 6 shall provide a copy of such undertaking to counsel for any party whose Discovery Material was provided pursuant to the undertaking at such time as that expert submits a report in the Litigations.

8.      If any party intends to file Confidential or Highly Confidential Discovery Material with the Court, any such Confidential or Highly Confidential Discovery Material must be filed with the Court under seal or in redacted form pursuant to the procedures set forth in Local Civil Rule 5.3 or as otherwise directed by the Court.

9.      Prior to any dispositive motion hearings and/or trial in any of these Litigations, counsel for the Parties shall meet and confer to negotiate a proposal regarding the treatment of Confidential or Highly Confidential Discovery Material proposed to be used at such hearing or trial. Ultimately, the determination of treatment of Confidential or Highly Confidential Discovery Material at such hearing or trial will be determined by the Court.

10.     Entering into, agreeing to and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

(a)     Constitute an admission or adjudication that any document designated Confidential or Highly Confidential contains or reflects any trade secrets or is otherwise private, confidential, or proprietary information warranting protection;

11

(b)      Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery due to an assertion that the requested discovery material is privileged or subject to protection as trial-preparation material, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

(c)      Prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

(d)      Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(e)      Prejudice in any way the rights of any party to seek further protection or a determination by the Court whether any Discovery Material designated as Confidential or Highly Confidential should be subject to the terms of this Order; or

(f)      Shift the burden of proving that Discovery Material is Confidential or Highly Confidential from the Producing Party.

11.      This Order has no effect upon, and shall not apply to, the parties' use of their own "Confidential" or "Highly Confidential" Discovery Material for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential or Highly Confidential that has been obtained lawfully by such party independently of the discovery proceedings in these Litigations.

12.      If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to a party or parties, Federal Rule of Evidence 502

and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply. If a claim of inadvertent production is made with respect to information then in the custody of another party, the receiving party shall not use such information for any purpose other than in connection with a motion to compel (which shall be filed under seal in accordance with Local Civil Rule 5.3). The party returning such material may then move the Court for an Order compelling production of the material, which shall be filed under seal, and said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. In the event that any question is asked at a deposition that involves or relates to a document that one party claims is subject to an applicable privilege or immunity but was inadvertently produced, and another party disputes the application of any such privilege or immunity, the non-producing party preserves its right to argue that the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, and the producing party preserves its right to argue that such testimony need not be provided on the basis of an applicable privilege or immunity. The failure of a party at a deposition to challenge the assertion of any privilege, work-product protection or immunity over any document shall not prejudice the right of such party to challenge the assertion of any such privilege or immunity in accordance with the other procedures described in this paragraph.

13.    In the event that additional parties join or are joined in any of these Litigations, seek to intervene in any of these Litigations, or seek to object to any of the proceedings in any of these Litigations, they shall not have access to Confidential or Highly Confidential Discovery Material until such party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

14.    The parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Order had been entered by the Court.

15.    The attorneys of record shall take reasonable measures to prevent the unauthorized disclosure or use of Confidential or Highly Confidential Material and are responsible for employing reasonable measures to control, consistent with the terms of this Order, the duplication of, access to, and distribution of, Confidential and Highly Confidential Material.

16.    The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of these Litigations, including, without limitation, any appeals therefrom.  Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential or Highly Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential or Highly Confidential Discovery Material shall either make a good faith and commercially reasonable effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or to destroy all such Confidential or Highly Confidential Discovery Material and confirm that fact to counsel for the Producing Party. Outside counsel for the parties shall be entitled to retain court papers, depositions and trial transcripts and attorney work product (including discovery material containing Confidential or Highly Confidential Discovery Material), provided that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof and shall not disclose such court

papers or attorney work product to any person except pursuant to court order or agreement by the Producing Party.

17.     During the pendency of these Litigations, any party objecting to the designation of any Discovery Material or testimony as Confidential or Highly Confidential or the application of any provision of this Order may, after making a good faith effort to resolve any such objection, move promptly for an order vacating the designation or the application of said provision.   While such an application is pending (and during any appeal therefrom), the Discovery Material or testimony in question shall be treated as Confidential or Highly Confidential pursuant to this Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

18.     If any person receiving documents covered by this Order (the "Receiver") is subpoenaed in any other action or proceeding, is served with a document demand or is otherwise compelled by law to produce documents (all, collectively, a "Demand"), and such Demand seeks Discovery Material which was produced or designated as Confidential or Highly Confidential by someone other than the Receiver, the Receiver shall (except as provided by law) give prompt written notice by hand or electronic or facsimile transmission, within ten (10) business days of receipt of such Demand, to the person or party who produced or designated the material as Confidential or Highly Confidential.   The Receiver shall not produce any of the Producing Party's Confidential or Highly Confidential Material, unless otherwise Court-ordered or required by law, for a period of at least ten (10) business days after providing the required notice to the Producing Party. If, within ten (10) business days of receiving such notice, the Producing Party gives notice to the subpoenaed party that the Producing Party opposes production of its Confidential or Highly Confidential Material, the Receiver shall object to the subpoena or other

15

demand, citing this Order, and thereafter, the Producing Party shall bear the burden of opposing the production of such documents, if the Producing Party deems such opposition appropriate. If, however, the return date of any such demand is less than ten (10) business days from the date the demand was received, written notice of the intent to disclose shall be given to the Producing Party – by facsimile and telephone – to its counsel within 48 hours after receipt. The Receiver shall reasonably cooperate with the Producing Party and not thereafter produce such Confidential or Highly Confidential Material, except as provided or required by law or pursuant to a Court order requiring compliance with the subpoena, demand or other legal process. In the event that Confidential or Highly Confidential Discovery Material is produced to a non-party to this Order in response to a subpoena or document demand, such Discovery Material shall be subject to paragraph 11, above. Nothing contained herein shall be construed as requiring any party or non-party to challenge or appeal any order requiring the production of Confidential or Highly Confidential Discovery Material, or to subject itself to any penalties stemming from noncompliance with an legal process or order, or to seek any relief from this Court.

19.    Nothing in this Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

20.    The parties to these Litigations agree that the production of any Discovery Material by any non-party to these Litigations shall be subject to and governed by the terms of this Order.

21.    Any Producing Party may apply, upon reasonable expedited notice to amend this Order.

22.    The defendants reserve their right to move to stay discovery on any and all available grounds, and the entry of this Order does not waive any such grounds for moving to stay discovery, and Lead Plaintiffs reserve the right to oppose such a stay.

23.    This Order may be executed by facsimile or PDF signature and may be executed in one or more counterparts, each of which shall be deemed to constitute an original, but all of which together shall constitute one agreement.

**CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN**
5 Becker Farm Road
Roseland, New Jersey 07068
973.994.1700
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com
*Liaison Counsel for Lead Plaintiffs* (08-397,
08-2177)

_____ /s/ James E. Cecchi _____
         James E. Cecchi
         Lindsey H. Taylor


**WOLF, HALDENSTEIN, ADLER,
FREEMAN & HERZ, LLP**
270 Madison Avenue
New York, New York 10016
212.545.4600
Rifkin@whafh.com
*Counsel for Plaintiffs* (08-1432)

_____ /s/ Mark Rifkin _____
         Mark Rifkin


**TRUJILLO, RODRIGUEZ & RICHARDS,
LLP**
285 Kings Highway East
Haddonfield, New Jersey 08033
856.795.9002
lisa@rrlaw.com
*Counsel for Plaintiffs* (08-1974)

_____ /s/ Lisa J. Rodriguez _____
         Lisa J. Rodriguez


**SCOTT & SCOTT LLP – CT**
108 Norwich Ave., PO Box 192
Colchester, CT 06415
860.537.4432
*Attorney for Plaintiffs* (08-1022, 09-5668)

_____ /s/ David Randall Scott _____
         David Randall Scott


**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
deakeley@lowenstein.com
grooney@lowenstein.com
jhalper@lowenstein.com
*Attorneys for Merck and Schering-Plough*

_____ /s/ Douglas S. Eakeley _____
         Douglas S. Eakeley
         Gavin J. Rooney


**SILLS CUMMIS & GROSS P.C.**
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
973.643.7000
jgreenbaum@sillscummis.com
*Attorneys for the Underwriter Defendants*
 (08-397)

_____ /s/ Jeffrey J. Greenbaum _____
         Jeffrey J. Greenbaum


**TOMPKINS MCGUIRE, WACHENFELD
& BARRY, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
973.622.3300
wmcguire@tompkinsmcguire.com
*Attorneys for Merck and Schering-Plough*

_____ /s/ William B. McGuire _____
         William B. McGuire


**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
1285 Avenue of the Americas
New York, New York 10019
212.373.3000
dkramer@paulweiss.com
rtranofsky@paulweiss.com

agordon@paulweiss.com
*Attorneys for Merck and Schering-Plough*

**BECKWITH & WOLF, LLP**
Renaissance Office Center
15 Engle Street, Suite 104
Englewood, New Jersey 07631
201.567.5222
ccbeckwith@gmail.com
*Attorney for Plaintiffs* (09-5668, 08-1022)

_/s/ Daniel J. Kramer_
Daniel J. Kramer

_/s/ Carl Case Beckwith_
Carl Case Beckwith

**IZARD NOBEL LLP**
29 South Main St., Suite 215
West Hartford, CT 06107
860.493.6292
rizard@izardnobel.com
*Counsel for Plaintiffs* (08-1974)

_/s/ Robert A. Izard_
Robert A. Izard

**SO ORDERED** this 23rd day of December, 2009:

*Madeline Cox Arleo*

Madeline Cox Arleo    , U.S.M.J.

19