NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | : | Hon. Dennis M. Cavanaugh |
|---|---|---|
| IN RE MERCK & CO., INC. VYTORIN ERISA LITIGATION | : : : | **OPINION** |
| | : | |
| THIS DOCUMENT RELATES TO: | : : | Civil Action No. 08-CV-1974 (DMC) |
| ALL CASES | : : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

  This matter comes before the Court upon motion by Plaintiffs, Martin Cobb, Robert Cimato, Michael S. Anders and Louis L. Normand ("Plaintiffs") to strike a number of affirmative defenses set forth in the Answer of Defendants Merck & Co., Inc., Richard T. Clark, Peter N. Kellogg, Mark E. McDonough, Johnetta B. Cole, Thomas H. Glocer, Steven F. Goldstone, William B. Harrison, Jr., Harry R. Jacobson, William N. Kelley, Rochelle B. Lazarus, Thomas E. Shenk, Anne M. Tatlock, Samuel O. Thier, Wendell P. Weeks, and Peter C. Wendell (collectively, "Defendants").

  Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that Defendants' motion to strike is **granted in part and denied in part**.

### I. BACKGROUND

  Plaintiffs bring claims pursuant to Sections 502(a)(2) and (a)(3) of ERISA, alleging that Defendants breached their fiduciary duties owed to participants of the Merck & Co., Inc. Employee Savings & Security Plan (the "Salaried Plan"), the Merck & Co., Inc. Employee Stock Purchase &

Savings Plan (the "Hourly Plan"), and the Merck Puerto Rico Employee Savings & Security Plan (the "Puerto Rico Plan," and, collectively, the "Plans"). Specifically, Plaintiffs allege that during the class period July 26, 2004 to March 31, 2008, Defendants had knowledge of the adverse ENHANCE clinical study results and thus knew or should have known that Merck stock was an imprudent investment alternative for the Plans. Plaintiffs also allege that Defendants had knowledge of, and played an active role in, improper business activities that allowed Merck to artificially inflate and manipulate its earnings.

The initial Complaint was filed in this Court on April 22, 2008. This matter was consolidated with three related cases on September 24, 2008. A Consolidated Class Action Complaint (the "Complaint") was filed on February 5, 2009 asserting claims for breach of various fiduciary duties, including: (1) duty of prudence; (2) duty to monitor fiduciaries; and (3) co-fiduciary liability.

On April 23, 2009, Defendants moved to dismiss Plaintiffs' Complaint for failure to state a claim. On August 31, this Court denied Defendants' motion. See In re Merck & Co. Vytorin ERISA Litig., 2009 U.S. Dist. LEXIS 78681 (D.N.J. Aug. 31, 2009).[1]

Plaintiffs, here, seek to strike a number of "affirmative defenses" contained in Defendants' Answer.

---

[1] In Defendants' motion to dismiss, they asserted that "[1] all fiduciary claims should be dismissed because Plaintiffs failed to overcome the presumption that investing in Merck stock was prudent, [2] failed to adequately allege that Defendants had advance knowledge of the ENHANCE results, [3] and failed to plead that Defendants were fiduciaries under ERISA." In re Merck & Co. Vytorin ERISA Litig., 2009 U.S. Dist. LEXIS 78681, at *5. This Court rejected all of Defendants' arguments and denied the motion to dismiss.

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 12(f) provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).  An affirmative defense is insufficient if it is not recognized as a legal defense to the cause of action.  Tonka Corp. v. Rose Art Industries, Inc., 836 F. Supp. 200, 217 (D.N.J. 1993) (citing Total Containment, Inc. v. Environ Products, Inc., 1992 U.S. Dist. LEXIS 12629, at *1 (E.D. Pa. Aug. 19, 1992)).  Striking legally insufficient defenses saves time and expense by making it unnecessary to litigate defenses that will not affect the outcome of the case.  Glenside West Corp. v. Exxon Co., 761 F. Supp. 1100, 1115 (D.N.J.1991).

However, courts generally disfavor motions to strike because they require the court to evaluate legal issues before the factual background of a case has been developed through discovery. See United States v. Sensient Colors, Inc., 580 F. Supp. 2d 369, 374 (D.N.J. 2008).  Thus, a motion to strike will not be granted where the sufficiency of a defense depends on disputed issues of fact. Glenside, 761 F. Supp. at 1115.  A court should grant a motion to strike a defense only where the "insufficiency of the defense is clearly apparent." Sensient, 580 F. Supp.2d at 374 (D.N.J. 2008) (internal citations omitted).

An affirmative defense is legally insufficient where it cannot succeed under any set of facts which may be inferred from the allegations of the pleading.  Glenside, 761 F. Supp. at 1115. However, an affirmative defense pled in general terms will often be deemed sufficient as long as it gives plaintiffs fair notice of the nature of the defense.  See Huertas v. U.S. Dep't of Educ., 2009 U.S. Dist. LEXIS 59320, at *2 (D.N.J. July 13, 2009) (citation omitted).

### III. DISCUSSION

Plaintiffs move to strike 16 defenses that have been asserted by Defendants in their Answer, specifically defenses: 1, 2, 4, 5, 6, 7, 8, 9, 11, 12, 13, 16, 18, 20, 21 and 22. Plaintiffs move to strike defenses numbered 1, 7, 8, 11, 12, 16, 18, 20 and 22, on the grounds that they are improper as they "simply deny Plaintiffs' claims and requests for relief." See Doc. No. 57, at 5. Plaintiffs also move to strike defenses 4, 6, 9, 13 and 21 as being legally insufficient, and move to strike defenses numbered 2 and 5 as being conclusory in nature.

A. AFFIRMATIVE DEFENSES 1, 7, 8, 11, 12, 16, 18, 20 & 22

Plaintiffs move to dismiss "affirmative defenses" 1, 7, 8, 11, 12, 16, 18, 20 and 22 as being improperly asserted. Plaintiffs contend that these defenses are, in essence, mere denials of Plaintiffs' claims.

    1.    Defense No. 1 - The Complaint, with Respect to Each and Every Claim Stated therein, Fails to State a Claim upon Which Relief May be Granted

Plaintiffs argue that Defendants' first defense is not a proper affirmative defense, because (i) it pertains to the sufficiency of Plaintiffs' claims, and is not itself an affirmative defense, and (ii) the defense is particularly inappropriate here, where the Court has already denied Defendants' motion to dismiss for failure to state a claim.

As an initial matter, this Court agrees with the Court in County Vanlines Inc. v. Experian Info. Solutions, Inc. when it explained that, "although the defense [of failure to state a claim] is arguably redundant in that it is essentially a general denial, there is no prejudicial harm to plaintiff and the defense need not be stricken." 205 F.R.D. 148, 154 (S.D.N.Y. 2002). The defense, then, need not be stricken under all circumstances.

Here, however, where the Court has already denied a motion to dismiss for failure to state a claim, the "failure to state a claim" defense is no longer appropriate. See, e.g., Trs. of the Local 464A UFCW Pension Fund v. Wachovia Bank, N.A., 2009 U.S. Dist. LEXIS 109567, at *5 (D.N.J. Nov. 24, 2009). As Judge Martini explained in Wachovia Bank, where a defendant asserts "that the complaint fails to state **any claim**," and "the Court already has expressly addressed and rejected this argument [i.e., found that Plaintiffs adequately stated a claim for relief]" Defendants are not permitted to reassert this argument . . . in the guise of an affirmative defense." Id. (citing In re Modern Creative Serv., Inc. v. Dell, Inc., 2008 U.S. Dist. LEXIS 5929, at *3-*4 (D.N.J. Jan. 28, 2008) and AMEC Civil, LLC v. DMJM Harris, Inc., 2007 U.S. Dist. LEXIS 8344, at *5 (D.N.J. Feb. 6, 2007)) (emphasis added). Similarly, here, Defendants' Answer asserts that "[t]he Complaint, with respect to **each and every claim stated therein**, fails to state a claim upon which relief may be granted." (emphasis added). This Court has already stated that the Complaint has adequately plead certain claims, see Doc. No. 49, and the defense is, therefore, no longer appropriate.

The Court, in accordance with the discussion above, will strike Defendants' first "affirmative defense."

        2.      Defenses Numbered 7, 8, 11, 12, 16, 18, 20 & 22

As to defenses numbered 7, 8, 11, 12, 16, 18, 20 and 22, the Court will strike them as being denials instead of affirmative defenses.[2] A mere denial as to the sufficiency of Plaintiffs' claims is

---

[2] The various challenged Defenses are: Defense No. 7 - The alleged statements or omissions were not false or misleading at the time they were made; Defense No. 8 - Any alleged loss or damage suffered by Plaintiffs was in no way caused by, or as a result of, any alleged misstatement or omission by Defendants, but was caused by circumstances and events not related to any alleged misstatement or omission by Defendants, or by circumstances and events, persons and/or entities for which Defendants are not responsible; Defense No. 11 - Defendants did not breach any fiduciary duty owed to Plaintiff; Defense No. 12 - Defendants were not performing a

not an affirmative defense.  See, e.g., FDIC v. White, 828 F. Supp. 304, 312 (D.N.J. 1993).  For example, as the Court in FDIC explained, "Defendants may certainly argue and present evidence at trial that their actions were not the proximate cause of the Bank's losses because actions by others or other supervening actions were the proximate cause of those losses[; h]owever, such evidence and argument goes to whether plaintiff has carried its burden in establishing that defendants were the proximate cause of the Bank's losses."  Id. at 312.  The Court finds that Defenses numbered 7, 8, 11, 12, 16, 18, 20 and 22 fall into the category of denials described in FDIC—to illustrate:  No. 7 is a denial of the falsity of Defendants' statements, and No. 8 simply denies causation.  Indeed, Defendants' do not dispute Plaintiffs' contentions on this point in their opposition brief.  See Doc. No. 64, at 2-5.

Accordingly, Defendants will be permitted to Amend their Answer in accordance with this Opinion.[3]

---

fiduciary function under § 3(21) of ERISA, 29 U.S.C. § 1002(21); Defense No. 16 - This action may not properly be maintained as a class action; Defense No. 18 - Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the alleged misstatements or omission stated in the Complaint; Defense No. 20 - Defendants are not liable because the alleged misstatements and omissions stated in the Complaint concern non-actionable matters of opinion, rather than matters of material fact; Defense No. 22 - Plaintiffs' claims are barred because had Defendants taken the action Plaintiffs assert was appropriate with respect to Merck Common Stock, the value of Plaintiffs assert was appropriate with respect to Merck Common Stock, the value of Plaintiffs; 401(k) accounts, upon information and belief, would have sustained a larger loss than they allegedly did and, upon information and belief, would have been less than they are today.

[3] Typically, this Court might simply treat these defenses as specific denials.  See Home Mgmt. Solutions, Inc. v. Prescient, Inc., 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007) ("In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial.") (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1269 (3d ed. 2004)).  However, here, because a number of modifications to Defendants' Answer will be necessary, they are instructed to remove improper defenses from their Amended Answer.

**B.     AFFIRMATIVE DEFENSES 4, 6, 9, 13 & 21**[4]

Plaintiffs move to strike affirmative defenses 4, 6, 9, 13 and 21 as being legally insufficient, i.e., not valid legal defenses to the cause of action asserted. See FDIC, 859 F. Supp. at 120.

1. Defenses Numbered 4, 9,13 & 21

Plaintiffs move to strike Defense Number 4 (Ratification), Defense Number 9 (Plaintiffs Assumed the Risks of the Challenged Investment, and Either Proximately Caused, Contributed to, or Failed to Mitigate, Any and All Alleged Losses or Damages), Defense Number 13 (Defendants Administered the Plans in Accordance with the Terms of the Plan Documents), and Defense Number 21 (Plaintiffs' Attempt to Use ERISA Fiduciary Duties to Impose Liability Arising out of Disclosures under the Federal Securities Laws Fails and is Barred by § 514(d) of ERISA, 29 U.S.C. § 1144(d)). The Court will not make a determination as to the applicability of these defenses at this stage, and they will not be stricken.

A court should grant a motion to strike a defense only where the "insufficiency of the defense is clearly apparent." Sensient, 580 F. Supp.2d at 374 (internal citations omitted). As other Courts in this District have noted, "[e]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." Board of Trustees of Trucking Employees of N. Jersey Welfare Fund v. Gotham Fuel Corp.,

---

[4] Plaintiffs initially moved to strike Defendants' fourteenth affirmative defense. In their reply, however, Plaintiffs have withdrawn this portion of their motion. See Doc. No. 69, at 12 n.10.

860 F. Supp. 1044, 1054 (D.N.J. 1993); United States v. Kramer, 757 F. Supp. 397, 409 (D.N.J. 1991); Associated Metals & Minerals Corp. v. M/V Lumbe, 1991 U.S. Dist. LEXIS 21794, at *4-5 (D.N.J. Apr. 29, 1991); see also SEC v. Alexander, 2007 U.S. Dist. LEXIS 71568, at *4 (E.D.N.Y. 2007).  The Court finds that a determination with respect to Defenses 4, 9,13 and/or 21 is inappropriate for resolution on this motion.

        2.        Defense Number 6 - Good Faith and Exercise of Reasonable Case

Plaintiffs next request that the Court strike Defendants' sixth defense, wherein Defendants assert that they exercised good faith and reasonable care.

First, with respect to "good faith," other Courts in this Circuit have stated that "[t]here is no requirement in ERISA . . . that the claimant show that the fiduciary has acted in bad faith." Olsen v. Hegarty, 180 F. Supp. 2d 552, 571 (D.N.J. 2001); see Leckey v. Stefano, 501 F.3d 212, 223 (3d Cir. 2007);  Hartsfield, Titus & Donnelly LLC v. Loomis Co., 2010 U.S. Dist. LEXIS 13410, at *7-8 (D.N.J. February 17, 2010) (noting that "[i]n Leckey . . . the Court stated the lower court 'read Burke too broadly' in ruling that a plaintiff must show 'bad faith' to prevail on an ERISA breach of fiduciary duty claim. Instead, the Circuit looked to trust law in stating that a showing of fault -- in the form of bad faith or negligence -- is required for a Section 502(a)(2) claim."); In re Unisys Savings Plan Litig., 74 F.3d 420, 434 (3d Cir. 1996) ("ERISA requires that a fiduciary shall discharge his duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise with like character and with like aims'").  Accordingly, good faith is not an affirmative defense to a breach of fiduciary duty claim.

Second, Defendants' assertion that they exercised "reasonable care" is more properly characterized as a denial of Plaintiffs' claim that Defendants failed to prudently manage the Plans. See, e.g., Section III.A.2, supra.

For the reasons discussed above, Defense Number 6 will be treated as a denial of Plaintiffs' claims.

### C. AFFIRMATIVE DEFENSES 2 & 5

Plaintiffs also move to strike defenses numbered 2 and 5 as being conclusory and therefore insufficiently plead.

Plaintiffs assert that Defendants' second affirmative defense, that Plaintiffs' claims are barred in whole or in part by the Plan Documents, is insufficiently plead. The Court agrees. Upon repleading, Defendants are instructed to identify the portions of the Plan documents that form the basis for the defense (see Doc. No. 63 at 11-12). For similar reasons, Defendants must provide additional specificity with respect to the defense(s) referenced as their "fifth affirmative defense."

### IV. CONCLUSION

For the reasons stated above, Defendants are instructed to file an Amended Answer in accordance with this Opinion.

　　　　　　　　　　　　　　　　　　　　 S/ Dennis M. Cavanaugh
　　　　　　　　　　　　　　　　　　　　 Dennis M. Cavanaugh, U.S.D.J.

Date:　　　　June  23 , 2010
Orig.:　　　　Clerk
cc:　　　　　All Counsel of Record
　　　　　　　The Honorable Mark Falk, U.S.M.J.
　　　　　　　File