**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
Lisa J. Rodriguez
258 Kings Highway East
Haddonfield, NJ 08033
Telephone: (856) 795-9002
Facsimile: (856) 795-9887
*Liaison Counsel*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. VYTORIN ERISA LITIGATION | Civil Action No. 08-CV-1974 (DMC) |
| This Document relates to: THE CONSOLIDATED ERISA ACTION | |

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS AND APPROVAL OF PLAN OF ALLOCATION; AND FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS TO NAMED PLAINTIFFS

IZARD NOBEL LLP
Robert A. Izard
Mark P. Kindall
29 South Main Street, Suite 215
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290
*Co-Lead Class Counsel*

KESSLER TOPAZ MELTZER & CHECK, LLP
Joseph H. Meltzer
Edward W. Ciolko
Tyler S. Graden
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
*Co-Lead Class Counsel*

Plaintiffs Robert Cimato, Eric D. Good, Elizabeth D. Maruca and Louis L. Normand ("Plaintiffs") respectfully submit this Supplemental Memorandum of Law in Further Support of their Motions for (a) an Order Granting Final Approval of (i) the Class Action Settlement (the "Settlement"), (ii) Certification of a Settlement Class, and (iii) the Proposed Plan of Allocation, all of which this Court preliminarily approved by Order dated June 22, 2012 (Dkt #129) (the "Preliminary Order") and (b) for Award of Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards to Named Plaintiffs. As set forth below, the favorable reaction of the Settlement Class and the favorable report of the Independent Fiduciary retained to review the fairness of the Settlement provide strong additional support for the pending motions.

### *The Settlement Class Supports the Proposed Settlement*

As described more fully in the Affidavit of Christina Peters-Stasiewicz,[1] the Claims Administrator (A.B. Data, Ltd.) sent notice of the proposed $10.4 million Settlement by first-class mail, postage prepaid, to 42,743 Settlement Class Members at their last known address in accordance with Paragraph 11 of the

---

[1] Ms. Peters-Stasiewicz's Affidavit is attached as Exhibit 3 to the Joint Declaration of Edward W. Ciolko and Robert A. Izard in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, Certification of Settlement Class and Approval of Plan of Allocation and For an Award of Attorneys' Fees, Reimbursement of Expenses and Case Contribution Awards to Named Plaintiffs (hereinafter, "Joint Declaration"), which was filed contemporaneously with the Motion for Final Approval.

Preliminary Approval Order.   Peters-Stasiewicz Aff., at ¶ 10.   Additionally, A.B. Data published a summary notice, in the form approved by the Court, in *USA Today* on August 9, 2012. *Id.* at ¶ 16.  A.B. Data also published the Class Notice, the Complaint, and all Settlement-related documents, along with other information, on a dedicated website – www.MerckVytorinERISAsettlement.com – and maintained a toll-free number with an Interactive Voice Response ("IVR") system to receive Settlement Class member inquiries.   *Id.* at ¶¶ 13, 15.   Thus, in accordance with this Court's Preliminary Approval Order, Settlement Class Members have been fully apprised of the terms of the Settlement, as well as their right to object to it.  The deadline for filing objections was September 4, 2012.

As of the date of the filing of this memorandum, only one Settlement Class Member filed an objection, which by any measure demonstrates that the Settlement Class as a whole strongly supports the proposed Settlement.[2]  *See, e.g., Bell Atl. Corp. v. Bolger,* 2 F.3d 1304, 314 n.15 (3d Cir. 1993) (silence is "tacit consent" to settlement); *In re Schering-Plough Corp. Enhance ERISA Litig.*, No. 08-cv-1432, 2012 WL 1964451 at *4 (D.N.J. May 31, 2012) (same); *Stoetzner v. U.S. Steel Corp.,* 897 F.2d 115, 119 (3rd Cir. 1990) (objections by 29 members of a class comprised of 281 "strongly favors settlement"); *D'Amato v. Deutsche Bank,* 236 F.3d 78, 85 (2d Cir. 2001) (small numbers of comments support finding the

---

[2]  *See* Objection of Beverly Slifer ("Objection to Settlement") (Dkt No. 132).

settlement fair, reasonable, and adequate); *In re Lucent Techs., Inc. Sec. Litig.*, 307 F. Supp. 2d 633, 643 (D.N.J. 2004) ("[c]ourts [have] construe[d] class member's failure to object to proposed settlement terms as evidence that the settlement is fair and reasonable."); *In re Am. Investors,* 263 F.R.D. at 239 (a limited number of objections, including the objections of two attorneys general, did not weigh against settlement approval); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 962 F. Supp. 450, 537 (D.N.J. 1997) (small amount of negative responses to settlement favors approval); *Weiss v. Mercedes-Benz of N. Am.,* 899 F. Supp. 1297, 1301 (D.N.J. 1995) (100 objections out of 30,000 class members weighs in favor of settlement).

The single objection, filed by Ms. Slifer, objected to the Settlement "***only to the extent*** that it waives [Ms. Slifer's] right to pursue her legal claim against" Defendant Merck & Co., the Company's Long-Term Disability Plan and its Life Insurance Company "to recover long-term disability benefits."  Objection to Settlement (Aug. 31, 2012), at ¶ 2 (emphasis added).  The language of the release in the Settlement Agreement[3] confirms that the release is limited to claims relating to the allegations in the Complaint and/or the investment of Plan assets in Merck Common Stock or the Merck Common Stock Fund.   Settlement

---

[3] The Settlement Agreement refers to the Class Action Settlement Agreement, dated May 22, 2012 (previously filed with the Court), which sets forth the terms of the Settlement. *See* Dkt. No. 128-2.

Agreement, ¶ 1.37 (attached as Exhibit 1 to the Joint Declaration).  As the case has absolutely *nothing* to do with long-term disability benefits at all, the release does not apply to Ms. Slifer's claim.   Moreover, Defendants have agreed in writing that the release does not extend to Ms. Slifer's potential claims for long-term disability benefits. *See* Letter from Daniel J. Kramer, Paul Weiss, Rifkind, Wharton & Garrison LLP, to Mark Kindall, Izard Nobel LLP (Sept. 5, 2012), attached to the Declaration of Mark Kindall as Exh. A.  More importantly, *no* Settlement Class member objected to the amount of the Settlement, the Plan of Allocation, the request for Attorneys' Fees and Expenses or the request for an award to the Lead Plaintiffs.

### An Independent Fiduciary Has Approved the Settlement

Additional support for the reasonableness of the Settlement comes from the Report of Evercore Trust Company, N.A. ("Report"), the Independent Fiduciary retained to evaluate the reasonableness of the Settlement pursuant to the Prohibited Transaction Class Exemption 2003-39, 68 Fed. Reg. 75,632 (Dec. 31, 2003), as amended, which Report is attached to the Kindall Declaration as Exhibit B.  As one court recently noted,

> The Independent Fiduciary's approval is critically important. Under well-established ERISA law, an ERISA plan that gives a litigation release to a 'party of interest,' such as the company itself or its employees, engages in a prohibited transaction under ERISA § 406, 29 U.S.C. § 1106  In 2003, the Department of Labor ("DOL") promulgated a Prohibited Transaction

> Exemption permitting such releases, but only if an independent fiduciary approves the terms of the settlement that include the release. Se  Prohibit Transaction Exemption 2003-39, 68 Fed. Reg. 75632-01 (De. 31, 2003).  In other words, the independent fiduciary must determine that the plan received fair value for the release."

*In re Marsh ERISA Litig.*, 265 F.R.D. 128, 139 (S.D.N.Y. 2010).  As in *Marsh,* the Defendant Plan retained the Independent Fiduciary to "represent the plan's interest in settling a claim."  Report, at 1.  In connection with this engagement, the Independent Fiduciary reviewed key documents, interviewed counsel for the parties and evaluated the strengths and weaknesses of the legal and factual arguments.  *Id.* at 2.  Based on this analysis, the Independent Fiduciary concluded that the terms and amount of the Settlement, the release, the plan of allocation, and Plaintiffs' request for attorneys' fees were "reasonable, in light of the Plans' likelihood of full recovery, the risks and costs of litigation and the value of claims foregone."  *Id.*

While not binding on this Court, numerous courts have cited to reports of independent fiduciaries as evidence supporting approval of a settlement and/or application for an award of attorneys' fees.  *See, e.g., In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.,* No. 2:05-CV-01151-SRC-MAS (Final Order), at ¶ 9 (D.N.J. Nov. 29, 2011) (noting that "[a]n independent fiduciary has evaluated the fairness of the Settlement to the Plans" concurred "with the Courts' finding that the Settlement is reasonable in light of the likelihood of full recovery,

the risks and costs of litigation, and the value of the claims foregone");[4] *Mehling v. New York Life Ins. Co.,* 248 F.R.D. 455, 462-63, 466 (E.D. Pa. 2008) (relying, in part, on opinion of independent fiduciary in finding settlement on behalf of 401(k) plans fair, adequate and reasonable and approving requested attorney's fees); *Will v. General Dynamics Corp.,* No. 06–698, 2010 WL 4818174, at *3 (S.D. Ill., Nov. 22, 2010) ("This Court notes that Class Counsel's fee has also been found, after review, to be reasonable by an independent fiduciary"); *Cavalieri v. General Elec. Co.,* 2009 WL 2426001, *2-3 (N.D.N.Y. Aug. 6, 2009) (citing the favorable report of an independent fiduciary in support of its finding that proposed settlement was procedurally fair and its determination to approve the requested attorneys' fees); *In re Broadwing, Inc. ERISA Litig.,* 252 F.R.D. 369, 376 (S.D. Ohio 2006) ("The Court also gives weight to the report filed by an Independent Fiduciary . . . .); *In re Global Crossing Sec. and ERISA Litig.,* 225 F.R.D. 436, 462, 471 (S.D.N.Y. 2004) ("An independent fiduciary appointed by the ERISA plans . . . also reviewed and approved the proposed settlement of the ERISA Actions. Under these circumstances, the likelihood of a collusive settlement between defendants and plaintiffs' lawyers at the expense of the plaintiff classes is drastically reduced"); *In re Sprint Corp. ERISA Litig.,* 443 F. Supp. 2d 1249, 1268

---

[4] A copy of this decision is attached to the Joint Declaration as Exhibit 10.

(D. Kan. 2006) ("The court fully credits the parties' judgment, as well as the independent fiduciary's opinion, that the settlement is fair and reasonable").

## CONCLUSION

Plaintiffs respectfully submit that the reaction of the Settlement Class and the favorable report of the Independent Fiduciary provide addition support for Plaintiffs' request that this Court approve the proposed Settlement, Plan of Allocation, Request for Attorneys' Fees and Expenses, and Request for an Award to Lead Plaintiffs.

Date: September 18, 2012

By:   s/ Lisa J. Rodriguez
 Lisa J. Rodriguez
**TRUJILLO RODRIGUEZ &
RICHARDS, LLC**
Lisa J. Rodriguez
258 Kings Highway East
Haddonfield, New Jersey 08033
Telephone: (856) 795-9002
Facsimile: (856) 795-9887
*Liaison Counsel*


**IZARD NOBEL LLP**
Robert A. Izard
Mark P. Kindall
29 South Main Street, Suite 215
West Hartford, CT  06107
Tel: (860) 493-6292
Fax: (860) 493-6290
*Co-Lead Class Counsel*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Joseph H. Meltzer
Edward W. Ciolko
Tyler S. Graden
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
*Co-Lead Class Counsel*