UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. VYTORIN ERISA LITIGATION | Civil Action No. 08-CV-1974 (DMC) |
| This Document relates to: THE CONSOLIDATED ERISA ACTION | |

## ORDER AND FINAL JUDGMENT

This Action[1] involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the Merck & Co., Inc. Employee Savings & Security Plan, the Merck & Co., Inc. Employee Stock Purchase & Savings Plan, and the Merck Puerto Rico Employee Savings & Security Plan (the "Plans").

This matter came before the Court for a hearing pursuant to the Order of this Court entered on June 22, 2012 (Docket No. 129), on the application of the Plaintiffs for approval of the Settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), executed by counsel on May 22, 2012 on behalf of the Parties. Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Settlement Agreement.

1. By Order dated June 22, 2012, this Court preliminarily certified a settlement class in this Action consisting of all Participants and/or beneficiaries of the Plans whose individual accounts included investment in the Merck Common Stock Fund from July 26, 2004 through March 31, 2008 (the "Class Period"). Excluded from the Settlement Class are the individual named defendants in the Action ("Individual Defendants"), members of Legacy Merck's Board of Directors at any time during the Class Period, Individual Defendants' Immediate Family Members, Individual Defendants' legal representatives, heirs, successors or assigns, and any entity in which any Individual Defendant has or had a controlling interest. (Docket No. 129). For the sole purpose of settling and resolving the Action, the Court hereby certifies this Action as a Class Action under FED. R. CIV. P. 23(a) and 23(b)(1)).

2. By the same Order dated June 22, 2012, this Court for the purposes of Settlement preliminarily appointed Kessler Topaz Meltzer and Check, LLP ("KTMC") and Izard Nobel LLP ("Izard Nobel") as Co-Lead Class Counsel and Trujillo Rodriguez and Richards, LLC ("Trujillo Rodriguez") as Liaison Class Counsel pursuant to FED. R. CIV. P. 23 (g) and Plaintiffs Robert Cimato, Eric D. Good, Elizabeth D. Maruca, and Louis L. Normand as class representatives. (Docket No. 129).

3. For the purposes of Settlement, the Court hereby appoints KTMC and Izard Nobel as Co-Lead Class Counsel and Trujillo Rodriguez as Liaison Class Counsel pursuant to FED. R. CIV. P. 23 (g) and Plaintiffs Robert Cimato, Eric D. Good, Elizabeth D. Maruca, and Louis L. Normand as class representatives.

4. The Court finds that, for purposes of this Settlement:

(a) The numerosity requirement of. FED. R. CIV. P. 23(a)(1) is satisfied because the Settlement Class is so numerous that it is impractical to bring all Settlement Class members before the Court individually.

(b) The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied because the allegations of the Settlement Class present common questions of law or fact, including:

(i) Whether the Defendants breached fiduciary obligations to the Plans and participants by causing the Plans to offer the Merck Common Stock Fund as an investment option for the Plans;

(ii) Whether the alleged breaches of fiduciary duty by the Defendants caused the Plans and participants and beneficiaries to suffer losses.

(c) The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the claims of the class representatives arise from the same alleged course of conduct that gives rise to the claims of the Settlement Class, and the class representatives' claims are based on the same legal theory as those of the Settlement Class. The Plaintiffs allege that they were Plan participants during the Class Period with accounts in the Plans that included investments in the Merck Common Stock Fund, that the Plans' fiduciaries treated them and all other Plan participants alike, and that Plan-wide relief is necessary and appropriate under ERISA. Under these circumstances, the claims asserted by the Plaintiffs are sufficiently typical of the claims asserted by the Settlement Class as a whole to satisfy FED. R. CIV. P. 23(a)(3).

    (d)  The adequacy requirement of FED. R. CIV. P. 23(a)(4) is satisfied. For the purposes of this Settlement, the Court finds that the Plaintiffs have no conflicting interests with absent members of the Settlement Class. Further, the Court is satisfied that Class Counsel are qualified, experienced, and are further prepared to represent the Settlement Class to the best of their abilities.

    (e)  The requirements of FED. R. CIV. P. 23(b)(1) are also satisfied. Given the representative nature of the Plaintiffs' breach of fiduciary duty claims where the allegations and all claims in the Action were pursued on behalf of the Plans as a whole, for all losses to the entirety of the Plans (with individual members of the Settlement Class to receive an allocation from the Plans' recovery), the Action presents a paradigmatic example of where adjudications of the claims of individual class members would be dispositive of the interests of the other members not parties to the individual adjudications. There is a risk that prosecution of separate actions by individual members of the Settlement Class would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests. There is also a risk of inconsistent dispositions that might prejudice the Defendants. This case is thus appropriate for class certification, for purposes of this Settlement, under FED. R. CIV. P. 23(b)(1).

5.  This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all members of the Settlement Class.

6.  On August 10, 2012, more than 42,000 copies of the Class Notice were mailed to Class members, either by electronic mail or by United States mail, first-class postage prepaid.

7.  In accordance with the Court's Preliminary Approval Order, the Class Notice was posted on the Internet website www.MerckVytorinERISAsettlement.com.

8.  In accordance with the Court's Preliminary Approval Order, the Summary Notice was published in *USA Today* on August 9, 2012.

9.  The Class Notice and Summary Notice:  (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and who could be identified through reasonable effort; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable laws.   The Class Notice and Summary Notice fully informed Settlement Class members of their rights with respect to the Settlement, including the right to object to the Settlement or the application for an award of attorneys' fees and reimbursement of expenses.

10.  Defendants satisfied any obligations they had under the Class Action Fairness Act, 28 U.S.C. § 1715.

11.  The Complaint is dismissed with prejudice, including  any and all actions, causes of action, claims, damages, demands, duties, issues, judgments, liabilities, losses, matters, obligations, proceedings, and rights of every nature and description whatsoever,

whether based on law or equity, on federal, state, local, statutory or common law or any other law, rule or regulation (whether foreign or domestic), including both known and Unknown Claims, accrued claims and not accrued claims, foreseen claims and unforeseen claims, matured claims and not matured claims, suspected or unsuspected, fixed or contingent and whether or not concealed or hidden, that have been or could have been asserted against any of the Defendant Releasees in their individual or corporate capacities or in their capacities as the Plans' fiduciaries, from the beginning of time to the entry of the Final Order by or on behalf of Plaintiff Releasees or on behalf of the Plans in the Action that arise out of, are based on, or relate in any way to (a) the allegations, claims, causes of action, facts, transactions, events, matters, occurrences, acts, disclosures, statements, omissions, or failures to act that were or could have been asserted in the Action or that arise out of or relate in any way to the resolution of the Action including the Settlement Agreement, and/or (b) any claims concerning Vytorin, Zetia, and/or the ENHANCE trial relating to the investment of the Plans' assets in Merck Common Stock or Merck Common Stock Fund shares purchased in the Plans. Nothing herein shall release any claims relating to the covenants or obligations set forth in this Settlement Agreement, including claims for breach of the covenants and/or obligations set forth in this Settlement Agreement. Further, nothing herein shall release any claims currently asserted in any other pending litigation by or on behalf of Plaintiff Releasees in which any Defendant has been served, including the action captioned *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*, 08-cv-2177 (DMC) (JAD) in the United States District Court for the District of New Jersey. Nothing herein shall release any claims by Defendants for insurance coverage.

12. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

13. The Court finds that the Settlement is fair, just, reasonable, and adequate as to each member of the Settlement Class, the Plaintiffs, and the Plans, and that the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

14. The Settlement is supported by a determination from the Independent Fiduciary that the Settlement Agreement is authorized by, and is appropriate for, the Plans. This Court finds that the Settlement complies with the terms of the Department of Labor's Class Exemption, PTE 2003-39, as amended, and does not constitute a "prohibited transaction" under ERISA.

15. The Settlement Agreement complies with Internal Revenue Service Revenue Ruling 2002-45, 2002-2 C.B. 116 (June 26, 2002), and the Class Settlement Amount is a restorative payment.

16. Plaintiff Releasees are deemed to have, and by operation of the Judgment shall have, absolutely and unconditionally released and forever discharged the Defendant Releasees from the Released Claims that Plaintiff Releasees indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have, except that this release shall not include claims relating to the covenants or obligations set forth in the Settlement Agreement.

17. Merck & Co., Inc. and the Individual Defendants, for themselves and to the greatest extent permitted by applicable law, on behalf of the other Defendant Releasees, are deemed to have, and by operation of this Judgment have absolutely and

unconditionally released and forever discharged the Plaintiff Releasees from any and all Released Claims, except that this release shall not include claims relating to the covenants or obligations set forth in the Settlement Agreement or the Confidentiality Stipulation and Protective Order.

18. Plaintiff Releasees are hereby forever barred and enjoined from commencing or prosecuting any action that purports to challenge the mechanics of the distribution of the Settlement Fund or Plan of Allocation (or amounts distributed thereunder), or that assert any of the Released Claims against any of the Defendant Releasees, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, or otherwise, in any local state or federal court, or in any agency or other authority or forum wherever located; provided that, Plaintiff Releasees may assert claims related to rights or duties arising out of the Settlement Agreement. Any person who knowingly violates this injunction shall be required to pay the costs and attorneys' fees incurred by the Defendant Releasees as a result of the violation.

19. Nothing in the Settlement Agreement shall cause the Plans to fail to comply with Section 404(c) of ERISA or the regulations promulgated thereunder.

20. The Plan of Allocation is approved as fair and reasonable. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

21. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received in evidence against Defendants or Defendant Releasees in any civil, criminal or administration action or proceeding, except (a) to

enforce this Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the Final Order, or (b) in any action or proceeding where the Releases provided pursuant to the Settlement Agreement may serve as a bar to recovery, or (c) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action.  The Settlement Agreement, including drafts, does not constitute, and shall not be deemed to be, a concession or admission by any of the Defendants or Defendant Releasees of any liability, fault, negligence, omission, fiduciary status under ERISA, or wrongdoing of any kind in this or any other proceeding.  The Settlement Agreement, including drafts, shall not be offered or received against Defendants or Defendant Releasees as evidence of, a presumption, concession or admission of any liability, fault, negligence, omission, fiduciary status under ERISA, or wrongdoing of any kind, or of any infirmity of any of Defendants' defenses, or the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted.

22.     Class Counsel is hereby awarded attorneys' fees in the amount of $ 3,463,200.00, which the Court finds to be fair and reasonable, and $ 463,931.44 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action.  The attorneys' fees and expenses so awarded shall be paid out of the Settlement Fund, pursuant to Section 12.2 of the Settlement Agreement, with interest on such amounts from the date the Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.  All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

23. The Plaintiffs are each hereby awarded Case Contribution Awards as follows: $10,000.00 for Plaintiff Cimato, $10,000.00 for Plaintiff Good, $10,000.00 for Plaintiff Maruca, and $10,000.00 for Plaintiff Normand. The Case Contribution Awards shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement.

24. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, and Case Contribution Awards to the Plaintiffs, the Court has considered and found that:

    (a) The Settlement achieved as a result of the efforts of Class Counsel has created a Settlement Fund of $10,400,000 (ten million four hundred thousand dollars) in cash that is already on deposit, plus interest thereon;

    (b) In accordance with the Court's Preliminary Approval Order, over 42,000 copies of the Class Notice were disseminated to Settlement Class members, and Summary Notice was published in *USA Today*. The Class Notice and Summary Notice informed Settlement Class members that Class Counsel were moving for attorneys' fees in the amount of up to one-third of the Settlement Fund, for reimbursement of litigation expenses from the Settlement Fund and for Case Contribution Awards of up to $10,000 each for the Plaintiffs;

    (c) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    (d) The Action involves complex factual and legal issues prosecuted over several years and, in the absence of a settlement, would involve

further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Plaintiffs and the Settlement Class may have recovered less or nothing from the Defendants;

(f) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases;

(g) The Plaintiffs rendered valuable service to the Plans and to all the Plans' Participants. Without this participation, there would have been no case and no Settlement.

25. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Settlement

26. The Court finds that during the course of the litigation, the Plaintiffs and the Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

27. In the event that the Settlement is terminated in accordance with the terms of the Settlement Agreement or in the event that the Settlement Fund, or any portion thereof, is returned to Merck & Co., Inc. and/or the insurer(s) of Legacy Merck, then this Judgment shall be rendered null and void to the extent provided by and in accordance with

11

the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

28.   Final judgment shall be entered herein, with prejudice.

SO ORDERED this 26 day of October, 2012.

_____
THE HONORABLE DENNIS M. CAVANAUGH
UNITED STATES DISTRICT JUDGE